(February 20, 1969)

■ In the Matter of ALEX G. SCHMIDT et al., Respondents, v. ZONING BOARD OF APPEALS OF THE TOWN OF AMHERST et al., Respondents-Appellants. In the Matter of JOSEPH V. TRIPOLI et al., Appellants-Respondents, v. J. ROBERT CHALMERS et al., Constituting the Zoning Board of Appeals of the Town of Amherst, Respondents.— Judgment modified on the law and facts by granting petitioners-appellants-respondents Tripolis' petition and denying petitioners-respondents-respondents Schmidts' petition, and as modified affirmed, without costs. Memorandum: The facts in these companion article 78 proceedings are undisputed. Petitioners-appellants-respondents Tripolis (hereafter Tripolis) after securing approval from the Town of Amherst Building Commissioner erected a stockade fence on their property along a part of the two side lines and the entire rear line. The petitioners-respondents-respondents Schmidts (hereafter Schmidts) petitioned the Zoning Board for removal of the fence. The board decided that the application of the local ordinance was not clear and ordered a compromise directing the removal of about one half of the fence. Special Term granted Schmidts' petition and denied Tripolis' petition, holding (1) the Zoning Board had power to grant a variance on its own motion, (2) the requisite conditions for granting a variance were not present, (3) the "clear vision" provision of the ordinance was not violated and (4) the fence protrudes into the Schmidts' front yard in violation of the ordinance. The substance of Special Term's order was that the Tripoli fence violated the ordinance and should be removed. The specific part of the ordinance which required construction was the provision that "no fence shall extend into any front yard". Special Term found in part that the Tripolis' fence "does not violate the 'front yard' provisions of the Ordinance for the Tripoli lot. It does not follow that the fence does not violate

the 'front yard' Ordinance provisions insofar as the Schmidt lot is concerned." We cannot agree with the court's conclusion contained in the last sentence. The record demonstrates that the Tripolis' fence is entirely on the Tripolis' lot and no claim is made by Schmidts that it encroaches on any part of their lot. The fence is not prohibited, for it does not extend into either "front yard" and the Tripolis, therefore, were within their rights in erecting the fence as they did. All concur, except Henry, J., who dissents and votes to affirm, in the following Memorandum: Petitioners allege that the fence was erected along the line between their lands and the Schmidts' lands. In my opinion, petitioners failed to prove that it was on their land and Special Term's finding that it was in the Schmidts' front yard is sufficiently supported by the evidence. (Appeals from judgment of Erie Special Term, in proceeding under Zoning Ordinance.) Present — Goldman, P. J., Del Vecchio, Moule, Bastow and Henry, JJ.